PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq. (SBN 318680)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
PAUL SPECTOR

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| PAUL SPECTOR<br><br>    Plaintiff,<br><br>v.<br><br>TOWN HOUSE INN, INC. dba SUPER 8 BY WYNDHAM FAIRFIELD;<br>SHRINIKA INVESTMENTS, LLC<br><br>    Defendants. | CASE NO.<br><u>Civil Rights</u><br><br>COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:<br><br>1. Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)<br><br>2. Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)<br><br>3. Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff PAUL SPECTOR complains of Defendants TOWN HOUSE INN, INC. dba SUPER 8 BY WYNDHAM FAIRFIELD; SHRINIKA INVESTMENTS, LLC, and alleges as follows:

1.  **INTRODUCTION:** Defendants forced disabled Plaintiff to leave their motel in the middle of his stay due to his use of a service dog. On September 2, 2022, Plaintiff checked into the Super 8 by Wyndham Fairfield located at 2170 N. Texas Street, Fairfield, California, for a three-night stay. He stayed in the motel for one day without incident, and when he returned to the motel on his second day, an employee of the motel saw Plaintiff on the property with his

service dog Coco. The employee informed Plaintiff that he could not have a dog on the property. Plaintiff informed the employee that Coco is a service dog and went to his room to sleep thinking that his explanation was sufficient to resolve the issue.

2. Hours later, when Plaintiff was asleep, the employee awakened him by knocking on the door. When Plaintiff answered, the employee again stated that no dogs were allowed on the property. He also informed Plaintiff that the manager wanted to discuss the issue with Plaintiff in the motel lobby. As requested, Plaintiff went to the lobby to discuss Coco with the motel's manager. When he arrived in the lobby, the manager informed Plaintiff that the motel did not allow pets. Plaintiff explained that Coco is a service dog, and the manager asked Plaintiff to provide "paperwork" to prove Coco is a service dog. The manager specifically requested a license from the state regarding Coco's status as a service dog. Plaintiff told the manager that he did not have any "paperwork" showing that Coco is a service dog and explained that he is not required to carry paperwork to prove Coco' status as a service dog. He also informed the manager that Defendants were violating the Americans with Disability Act by requiring such paperwork. Defendants' manager refused to allow Plaintiff to stay at the motel with Coco for the rest of his reserved stay. The manager suggested that Plaintiff find a motel that allows pets, and if he had problem with the motel, he should leave a negative review online. Plaintiff replied that he enjoyed hotel and merely wanted to stay with his service dog, but left the motel as requested.

3. The Super 8 by Wyndham in Fairfield is very conveniently located for Plaintiff. He intends to return to the motel in the future but cannot do so until the policies of the motel are made accessible to disabled individuals who use service dogs, including revision of their service dog policies and necessary employee training and/or re-training. He has brought this lawsuit to force Defendants to change their discriminatory and illegal policies and compensate him for refusing to allow him to complete his stay at the motel because he is a disabled person who needs the assistance of his qualified service dog. Plaintiff seeks an injunction to protect the rights of all disabled persons, including Plaintiff, when accompanied by a qualified service dog at the Super 8 by Wyndham Fairfield.

4. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1  sections 1331 and 1343.  This Court has jurisdiction over the claims brought under California law
2  pursuant to 28 U.S.C. § 1367.
3        5.    **VENUE:**  Venue is proper in this court pursuant to 28 USC section 1391(b) and is
4  proper because the real property which is the subject of this action is located in this district and
5  that Plaintiff's causes of action arose in this district.
6        6.    **INTRADISTRICT:**  This case should be assigned to the Sacramento intradistrict
7  because the real property which is the subject of this action is located in this intradistrict and
8  Plaintiff's causes of action arose in this intradistrict.
9        7.    **PARTIES:**  Plaintiff Paul Spector is a professional nurse and "qualified" disabled
10 person and veteran who uses the assistance of a service dog for mobility.  Plaintiff was injured in
11 a very serious car accident in 2012 which left him with residual pain and weakness in his left
12 knee and arthritis, all of which cause him difficult in walking, balancing and standing for long
13 periods of time.  Plaintiff's knee can give out while he is walking which could cause him to fall
14 down.  Plaintiff relies upon his service dog, a Belgium Shephard named "Coco," to assist him
15 with certain tasks including pulling him upstairs and hills while they are walking.  He also can
16 assist Plaintiff with stabilizing his balance.  Coco has been trained to walk on Plaintiff's left side,
17 and when Claimant's knee begins to weaken, Coco leans his considerable weight against Plaintiff
18 and allows him to lean against Coco which provides Plaintiff with necessary stability and support
19 to take some pressure off of his weak left knee.  Additionally, Coco is trained to assist Plaintiff in
20 getting down to the floor and back up when he needs to retrieve dropped objects.  Coco was
21 professionally trained to be service dog.  Additionally, Plaintiff continues to reinforce the training
22 with Coco daily.  Plaintiff is a qualified person with a disability as defined under federal and state
23 law.  42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(1).
24       8.    Defendants TOWN HOUSE INN, INC. dba SUPER 8 BY WYNDHAM
25 FAIRFIELD; SHRINIKA INVESTMENTS, LLC, are and were at all times relevant to this
26 Complaint the owner, operator, lessor and/or lessee of the subject business located at 2170 N.
27 Texas Street, Fairfield, California, known as the Super 8 by Wyndham Fairfield.
28       9.     Super 8 by Wyndham Fairfield is a place of "public accommodation" and a

3
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

"business establishment" subject to the requirements *inter alia* of the categories of 42 U.S.C. section 12181(7) of the Americans with Disabilities Act of 1990, of California Civil Code sections 51 *et seq.*, and of California Civil Code sections 54 *et seq*.

10. **FACTUAL STATEMENT:** Plaintiff Paul Spector has been working with his service dog Coco for almost two years. Coco is a Belgium Shephard who was both professionally trained and individually trained to be a service dog. Plaintiff has also trained and continues to train Coco to serve his specific needs throughout their relationship. Coco is specifically trained to assist Plaintiff with mobility, including stabilizing him if his knee gives out, assisting him up hills and stairs, and assisting him in bending down to retrieve objects at floor level.

11. Coco is a working dog; he is not a pet. Plaintiff and Coco have trained extensively together, and they supplement that training daily. Plaintiff takes Coco everywhere with him in public. It is important they stay together at all times because (a) Coco provides important services for Plaintiff; and (b) it is part of the training and bonding requirement that they be together constantly to maintain their bond. Where Plaintiff goes, Coco goes. Below are photographs of Coco as he looked when he and Plaintiff stayed at the Super 8 by Wyndham Fairfield:



12. Plaintiff lives in San Leandro, but he works the night shift as a nurse three days a

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1   week at a hospital in Vacaville, California.  It is his general practice to sleep in a hotel near the
2   hospital for two to three days when he is working these night shifts, he does not have to drive
3   back to his home in San Leandro when he is tired.

4         13.     On September 1, 2022, Plaintiff worked a 12-hour night shift, starting at 7:00 pm,
5   at a hospital in Vacaville, California. When he got off of work at 7:00 am on September 2, 2022,
6   went online to check availability at the Super 8 by Wyndham Fairfield to check for a hotel room
7   that he could reserve for September 2nd, September 3rd, and September 4th.  Defendants had
8   availability, and Plaintiff reserved a room.  Defendants also agreed to allow Plaintiff to check-in
9   to the room in the morning rather than at the regular check-in time of 3 pm for an extra fee.  This
10  worked perfectly for Plaintiff since his goal was to get as much sleep as possible during the day
11  before starting his next shift at the hospital.

12        14.     Plaintiff drove himself and Coco to the Super 8 to check-in.  When he checked-in,
13  Plaintiff had Coco with him.  The clerk who checked Plaintiff in requested documentation
14  regarding Coco's status as a service dog.  Plaintiff explained that he was not required to provide
15  documentation that Coco is a service dog, and that pursuant to the ADA, Coco was allowed to
16  accompany him anywhere the public was invited at the Super 8.  After Plaintiff's explanation,
17  Defendants' clerk allowed Plaintiff to check-in to the room.

18        15.     Plaintiff slept during the day on September 2, 2022.  He did not have any
19  interactions with Defendants or their employees.  Coco was very well behaved in the room, and
20  Plaintiff did not receive any complaints from Defendants or other hotel guests.  In the evening,
21  Plaintiff and Coco headed back to the hospital where Plaintiff works so that Plaintiff could
22  complete his second of three shifts.

23        16.     When Plaintiff got off of work around 7:00 am on September 3, 2022, he and Coco
24  drove back to the Super 8 by Wyndham Fairfield to sleep and rest before Plaintiff's next shift.
25  While Plaintiff and Coco were walking from the car to the hotel room, they encountered a
26  maintenance worker, who on information and belief is an employee of Defendants.  The
27  maintenance worker told Plaintiff that he was not allowed to have a dog on the Super 8 property.
28  Plaintiff explained that Coco was allowed to be with him at the hotel because of her status as a

service dog.  The maintenance worker said nothing more, so Plaintiff thought the matter was resolved.  He and Coco returned to their motel room to sleep.

17. Later in the day on September 3rd, while Plaintiff was sleeping, the maintenance worker knocked on Plaintiff's motel room door.  Plaintiff answered the door, and Defendants' employee informed Plaintiff that the manager needed to see him in the motel lobby.  Plaintiff was groggy from sleep, but he agreed that he would go see the manager when he could.

18. Plaintiff went to the lobby to speak with the manager.  Defendants' manager asked Plaintiff if he had a dog in his room.  Plaintiff told Defendants' manager that he had a service dog in his room.  Defendants' manager told Plaintiff that he needed "paperwork" proving that Plaintiff's service dog is legitimate.  Plaintiff asked what type of "paperwork" Defendants required, and the manager asked him for a "certification from the State of California" showing that Coco is a service dog.

19. Plaintiff explained that no paperwork is required by the ADA for him to be accompanied by Coco in public accommodations such as motels.  The manager than asked Plaintiff to show him something from his doctor which proved that he needed a service dog to be with him at all times.  Again, Plaintiff explained that he did not have anything from his doctor with him and that such proof is not required by the ADA.

20. Defendants' manager told Plaintiff that he would have to leave the Super 8 because the property does not allow pets. Plaintiff then asked Defendants' manager if he could provide him with an example of what type of paperwork/proof the motel requires from a service dog user to allow them to stay in the motel so that he could provide it on future stays.  The manager was unable to provide Plaintiff with an example or any specific direction as to the paperwork or certification he would need.  He just recommended that Plaintiff leave a review online regarding the incident.  Plaintiff did not want to do this because he was happy with the motel with the exception of not being allowed to use his service dog.

21. Defendants' manager did agree to allow Plaintiff to stay and sleep in the room for another hour or so until he had to report back to work, so Plaintiff left the lobby.  He went back to his room to rest a bit more, and then he packed up his things and left the motel.

6
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

22. Plaintiff worked his 12-hour shift. When he finished work at 7:00 am on September 4th, Plaintiff was completely exhausted. However, since he did not have a place to sleep for a few hours before driving home, he had to drive back to his home in San Leandro right after work. This was dangerous for Plaintiff and other drivers.

23. Plaintiff wishes to return to the Super 8 by Wyndham Fairfield, but only *after* Defendants have implemented proper service animal policies and training of their staff. Plaintiff is deterred from returning to the motel until these policies and training are in place.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**(42 USC §§ 12101 *et seq.*)**

24. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 23, above, and incorporates them herein by reference as if separately repled hereafter.

25. In 1990 Congress passed the Americans with Disabilities Act after finding that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous." 42 U.S.C. § 12101(a).

26. The ADA provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 USC § 12182.

27. Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

28. Super 8 by Wyndham Fairfield is a public accommodation within the meaning of Title III of the ADA. 42 U.S.C. § 12181(7)(A).

29. The ADA prohibits, among other types of discrimination, "failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities." 42 U.S.C. § 12182(b)(2)(A)(ii).

30. Under the "2010 Revised ADA Requirements: Service Animals," as published by the United States Department of Justice, and distributed by the DOJ's Civil Rights Division, Disability Rights Section, "Generally, title II and title III entities must permit service animals to accompany people with disabilities in all areas where members of the public are allowed to go." ADA 2010 Revised Requirements, www.ada.gov/service -animals-2010.htm  Further,

> **Under the ADA, State and local governments, businesses, and nonprofit organizations that serve the public generally must allow service animals to accompany people with disabilities in all areas of the facility where the public is normally allowed to go.**

*Ibid.*, emphasis in original.

31. Defendants have a policy and practice of denying access to guests with service animals.

32. On information and belief, as of the date of Plaintiff's most recent visit to Super 8 by Wyndham Fairfield on or about September 3, 2022, Defendants continue to deny full and equal access to Plaintiff and to discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Defendants' premises, in violation of the ADA.

33. In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

> It is the purpose of this Act
>
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

34. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to any "professional office of a health care provider, hospital, or other service establishment." 42 USC § 12181(7)(F).

35. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

36. The removal of each of the policy barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA. As noted hereinabove, removal of each and every one of the policy barriers complained of herein were already required under California law. In the event that removal of any barrier is found to be "not readily achievable," Defendants still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

37. On information and belief, as of the dates of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other disabled persons who work with service dogs, which violates Plaintiff's right to full and equal access and which discriminates against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

38. Defendants' actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing Super 8 by Wyndham Fairfield and discriminated and continue to discriminate against him on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA. 42 U.S.C. § 12182.

39. Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.*, Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of

his disabilities in violation of sections 12182 and 12183 of this title. On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters. Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

40.   Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use the property and premises, or attempt to patronize Super 8 by Wyndham Fairfield, in light of Defendants' policy barriers.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED**
**BY CIVIL CODE SECTION 51(f)**

41.   Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 40 of this Complaint and incorporates them herein as if separately re-pleaded.

42.   At all times relevant to this action, the Unruh Civil Rights Act, California Civil Code § 51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

43.   California Civil Code section 52 provides that the discrimination by Defendants

against Plaintiff on the basis of his disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

44.     Each of Defendants' discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

45.     Any violation of the Americans with Disabilities Act of 1990 constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52.  Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

46.     The actions and omissions of Defendants as herein alleged constitute a denial of access to and use of the described public facilities by disabled persons who use service dogs within the meaning of California Civil Code sections 51 and 52.  As a proximate result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory, compensatory and treble damages to Plaintiff, according to proof.

47.     **FEES AND COSTS:**  As a result of Defendants' acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make their facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other

1  applicable law.

2      48.    Plaintiff suffered damages as above-described as a result of Defendants'
3  violations.

4      WHEREFORE, Plaintiff prays for relief as hereinafter stated.

**THIRD CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF**
**FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION**
**(Civil Code §§ 54 *et seq.*)**

8      49.    Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the
9  factual allegations contained in Paragraphs 1 through 48 of this Complaint and all paragraphs of
10 the third cause of action, as plead infra, incorporates them herein as if separately re-pleaded.

11     50.    Under the California Disabled Persons Act (CDPA), people with disabilities are
12 entitled to the "full and free use of . . . public buildings, . . . public facilities, and other public
13 places." Civil Code § 54(a).

14     51.    Civil Code section 54.1(a)(1) further guarantees the right of "full and equal
15 access" by persons with disabilities to "accommodations, advantages, facilities . . . hotels, lodging
16 places of accommodation, amusement or resort, or other places to which the general public is
17 invited." Civil Code § 54.1(c) also specifies that, "individuals with a disability and persons
18 authorized to train service dogs for individuals with a disability, may take dogs, for the purpose of
19 training them as guide dogs, signal dogs, or service dogs in any of the places specified in
20 subdivisions (a) and (b)."

21     52.    Civil Code section 54.2(a) specifically protects the right of "every individual with
22 a disability" "to be accompanied by a guide dog, signal dog, or service dog, especially trained for
23 the purpose, in any of the places specified in Section 54.1."

24     53.    Civil Code section 54.3(b) makes liable "Any person or persons, firm or
25 corporation who denies or interferes with admittance to or enjoyment of the public facilities as
26 specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a
27 disability under Sections 54, 54.1 and 54.2." This section also specifies that, "'[I]nterfere,' for
28 purposes of this section, includes, but is not limited to, preventing or causing the prevention of a

guide dog, signal dog, or service dog from carrying out its functions in assisting a disabled person."

54. Defendants are also in violation of California Penal Code section 365.5(b) which states:

> No blind person, deaf person, or disabled person and his or her specially trained guide dog, signal dog, or service dog shall be denied admittance to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited within this state because of that guide dog, signal dog, or service dog.

55. Super 8 by Wyndham Fairfield is a public accommodation within the meaning of the CDPA.  On information and belief, Defendants are the owners, operators, lessors or lessees of the public accommodation.

56. Defendants made the decision to knowingly and willfully exclude Plaintiff and his service dog from their public accommodation and thereby deny Plaintiff his right of entrance into their place of business with his service dog.  As a result of that decision Plaintiff has faced the continuing discrimination of being barred from entering this public accommodation and place of business based upon Defendants' illegal prohibition of his legally protected use of his service dog.  Plaintiff has continued to suffer denial of access to these facilities, and faces the prospect of unpleasant and discriminatory treatment should he attempt to return to these facilities.  Plaintiff is unable to return to Super 8 by Wyndham Fairfield until he receives the protection of this Court's injunctive relief, and he has continued to suffer discrimination on a daily basis since September 3, 2022, all to is statutory damages pursuant to California Civil Code §§ 54.1, 54.2, and 54.3 and California Penal Code section 365.5.

57. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are disabled, who require the assistance of service animals, from full and equal access to these public facilities.  Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class

citizen and serve to discriminate against him on the sole basis that he is a person with disabilities who requires the assistance of a service animal.

58. Plaintiff wishes to return to patronize Super 8 by Wyndham Fairfield but is deterred from returning to use these facilities, because the lack of access and the significant policy barriers will foreseeably cause him further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of these public facilities.  Therefore, Plaintiff cannot return to patronize Super 8 by Wyndham Fairfield and its facilities and is deterred from further patronage until these facilities are made properly accessible for disabled persons, including Plaintiff and other disabled individuals who require the assistance of a service animal.

59. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to Defendants' inaccessible policies.   As to the Defendants that currently own, operate, and/or lease (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

60. Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant full and equal access to Plaintiff in the ways complained of and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons.  Such injunctive relief is provided by California Civil Code sections 54.1, 54.2 and 55, and other laws.  Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

61. **DAMAGES:** As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendants in owning, operating, leasing, constructing, altering, and/or maintaining the subject facilities, Plaintiff has suffered a violation of his civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has

suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to his damages per Civil Code section 54.3, including general and statutory damages, as hereinafter stated.  Defendants' actions and omissions to act constitute discrimination against Plaintiff on the basis that he was and is disabled and unable, because of the policy barriers created and/or maintained by the Defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.  The violations have deterred Plaintiff from returning to attempt to patronize Super 8 by Wyndham Fairfield and will continue to cause him damages each day these barriers to access and policy barriers continue to be present.

62. Although it is not necessary for Plaintiff to prove wrongful intent in order to show a violation of California Civil Code sections 54 and 54.1 or of Title III of the ADA (*see Donald v. Café Royale*, 218 Cal. App. 3d 168 (1990)), Defendants' behavior was intentional. Defendants were aware and/or were made aware of their duties to refrain from establishing discriminatory policies against disabled persons, prior to the filing of this complaint.  Defendants' establishment of their discriminatory policy to deny and restrict entry to persons with service dogs, and their implementation of such a discriminatory policy against Plaintiff, indicate actual and implied malice toward Plaintiff and conscious disregard for his rights and safety.

63. **FEES AND COSTS:**  As a result of Defendants' acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

64. Plaintiff suffered damages as above described as a result of Defendants' violations. Damages are ongoing based on his deterrence from returning to Super 8 by Wyndham Fairfield.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

**<u>PRAYER</u>**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff Paul Spector prays for judgment and the following specific relief against Defendants:

1. An order enjoining Defendants, their agents, officials, employees, and all persons acting in concert with them:

    a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b. To modify their policies and practices to accommodate service dog users in conformity with federal and state law, and to advise Plaintiff that his service dog will not be excluded should he desire to enter and use the services of Super 8 by Wyndham Fairfield;

    c. That the Court issue preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees and/or their agents of the subject property and premises to modify the above described property, premises, policies and related policies and practices to provide full and equal access to all persons, including persons with disabilities; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided and to train Defendants'

employees and agents in how to recognize disabled persons and accommodate their rights and needs;

    d.    An order retaining jurisdiction of this case until Defendants have fully complied with the orders of this Court, and there is a reasonable assurance that Defendants will continue to comply in the future absent continuing jurisdiction;

2.    An award to Plaintiff of statutory, actual, general, treble, and punitive damages in amounts within the jurisdiction of the Court, all according to proof;

3.    An award of civil penalty as against Defendants under California Penal Code § 365.5(c);

4.    An award to Plaintiff pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 794a, California Civil Code §§ 52 and 54.3, California Code of Civil Procedure § 1021.5, and as otherwise permitted by law, of the costs of this suit and reasonable attorneys' fees and litigation expenses;

5.    An award of prejudgment interest pursuant to Civil Code § 3291;

6.    Interest on monetary awards as permitted by law; and

7.    Grant such other and further relief as this Court may deem just and proper.

Date: January 4, 2023                       REIN & CLEFTON

                                          */s/ Aaron M. Clefton*
                                          By AARON M. CLEFTON, Esq.
                                          Attorneys for Plaintiff
                                          PAUL SPECTOR

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: January 4, 2023                       REIN & CLEFTON

                                          */s/ Aaron M. Clefton*
                                          By AARON M. CLEFTON, Esq.
                                          Attorneys for Plaintiff
                                          PAUL SPECTOR